DÍAZ v. THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Caguas.

No. 12.—Decided January 22, 1907.

RECORD—CONSOLIDATION OF AND SEGREGATION FROM REAL PROPERTY—INTERVENTION OF COMMISSIONER FOR PARTITION AND DIVISION.—The consolidation of real properties and the segregation of parcels therefrom are acts which are purely discretionary and within the power of the interested parties, and where a property, constituted by the consolidation of two other properties, is awarded to certain heirs, such heirs have full power to agree to divide the same into the two original parcels; and the fact that such lands may have been awarded to them as a single estate upon the division of the property of their predecessor in interest, is no obstacle to such a division, nor is it necessary for the commissioner for the partition and division of the property who made the division to intervene in the transaction, as his duties end upon the approval of the testamentary proceedings.

The facts are stated in the opinion.

*Mr. Arce* for appellant.

Mr. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This is an appeal taken by Rafael Arce Rollet, on behalf of Federico Díaz y López, from a decision of the Registrar of Property of Caguas, refusing to admit a certain property to record.

By public deed executed in Caguas before Rafael Arce Rollet, a notary thereof, on July 6, 1903, Juan Regis, Bernardino, Martina and Carmen García y Reyes, brothers and sisters, sold to Gervasio García y Díaz, a rural property belonging to them consisting of 73 *cuerdas* of land situated in the *barrio* of Cañaboncito, in the municipal district of Caguas, which has been awarded to them as the heirs of their deceased brother, Manuel A. García y Reyes, for the payment of charges resulting from the account of the division of the property of their said brother, executed in Caguas, before the same notary, on May 2, 1903; and by another deed of the same date,

also executed in Caguas, before the same notary, the vendee Gervasio García y Díaz, with the consent of his wife, Mariana Casanova, sold to Federico Diaz y López, the same property to which reference has been made, for the price and sum of $700 which the vendor acknowledged having previously received to his satisfaction.

By another deed also executed in said city of Cáguas, before the said notary, Rafael Arce Rollet, on June 16, 1906, by Juan Regis, Bernardino, Martina and Carmen García y Reyes, and Gervasio García and Federico Díaz y López, the first four parties declared that in the testamentary proceedings of their legitimate brother, Manuel A. García y Reyes, formulated by deed executed before said notary, Arce Rollet, on May 2, 1903, they had been awarded for the payment of the charges in said testamentary proceedings a rural property consisting of 73 *cuerdas* situated in the *barrio* of Cañaboncito, in the municipal district of Caguas, which property had been constituted by the union of two tracts of land situated in the said *barrio*, one of them of 67 *cuerdas* and the other of 6 *cuerdas*, both situated in the same *barrio* of Cañaboncito, adjoining each other and belonging to their deceased brother Manuel; that the two tracts joined in the form described, had been sold by the first four parties to Gervasio García y Díaz, by deed executed before the same notary on June 6, 1903, and by another deed of the same date, executed before the said notary, García Díaz, the purchaser, had sold them to the other party, Federico Díaz y López; that said tract of 73 *cuerdas* of land thus joined, could not be recorded in the registry of property on account of it not being possible to procure at once the previous record of the tract of 6 *cuerdas*, and interested as all the parties were in having the tract of 67 *cuerdas* recorded in the registry of property in its proper order in favor of the heirs and of the purchasers, Gervasio García Díaz and Federico Díaz y López, they resolved to dissolve and leave without any value or effect the consolidation of the two rural tracts

mentioned, restoring them to their original state of separation, in order thus to obviate the difficulty which existed to the individual record in the name of the present owner of the aforesaid tract of 67 *cuerdas* of land, and upon the presentation of this deed for record in the registry of property, the registrar refused to admit it upon the ground set forth in the decision placed at the end thereof, which reads as follows: ·

"The record of the foregoing document is refused after other documents have been examined, because the heirs of the deceased, Manuel García Reyes, cannot distribute the estate nor settle the partition thereof when the testator in this case had intrusted this power to a commissioner for division and partition, who, on May 2, 1902, with the approval of all the heirs, directed the union to another tract of the tract sought to be recorded, and thus joined, he awarded it jointly and in an undivided state to the said heirs Bernardino, Carmen, Martina and Juan Regis García, in order that they might proceed to sell it for the purpose of paying a legacy of $300 to Carmen García and a like sum in equal shares to Manuela and Josefa García; the prior record of said deed of partition of May 2, 1903, being absolutely necessary on account of the foregoing document not having any legal force to alter and modify said partition, inasmuch as it is authorized only by the heirs, without the said testamentary commissioner for partition and a cautionary notice has been entered, effective for one hundred and twenty days, at folio 183, reverse side, of volume 10 of this *Ayuntamiento,* property 525, record letter D.—Caguas, July 10, 1906."

Attorney Rafael Arce Rollet took an appeal from this decision in due time to this Supreme Court, on behalf of Federico Díaz y López, seeking the reversal of said decision and an order that the record be made of the tract of 67 *cuerdas* of land, first, in favor of Juan Regis, Bernardino, Martina and Carmen García y Reyes; then in favor of Gervasio García, and finally in favor of the present owner Federico Díaz, which is in the same form requested of the registrar of property, with the costs against the latter.

The union of properties and the segregation are acts which

are purely discretional and optional on the part of the persons interested; and as the present possessor of the property in question, Federico Díaz y López, is interested in the record thereof, as well as his predecessor, Gervasio García Díaz and the García Reyes brothers and sisters, they had the right to agree on the separation of the two tracts of land of which said property formerly consisted, if they deemed it in furtherance of their interests, without the ground alleged by the registrar in his decisions being an obstacle thereto, inasmuch as the circumstances of such land having been awarded to the García brothers and sisters as a single property in the division of the property of their deceased brother and predecessor in interest, Manuel García y Reyes, did not impose upon them the obligation of maintaining it in the same form, nor is the intervention of the commissioner for division and partition who prepared the account of the division necessary for the segregation agreed, for his mission concluded upon the approval and termination of the testamentary proceedings.

The decision of the registrar of Caguas placed at the end of the deed involved in this appeal is reversed, and it is ordered that the record be made in the form which may be proper under the law. And it is ordered that the documents presented be returned to the said registrar with a certified copy of this decision for its execution and other purposes.

*Reversed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.